```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

_____
                              :
PATRICK PHILIP GEORGE HANNA,  :
                              :
            Plaintiff,        :   Civil No. 04-4998 (RMB)
                              :
       v.                     :   **OPINION**
                              :
WILLINGBORO POLICE DEPARTMENT :
et al.,                       :
                              :
            Defendants.       :
_____:

This matter comes before the Court upon its own motion under Federal Rule of Civil Procedure 4(m) to dismiss the complaint of pro se Plaintiff Patrick Philip George Hanna ("Plaintiff") for insufficient service of process. For the reasons set forth below, the above-captioned suit will be dismissed.

**I. BACKGROUND**

The Plaintiff filed the underlying complaint in this matter on October 12, 2004 pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was confined to the Burlington County Jail. In his complaint, Plaintiff alleged that he had been physically assaulted by his wife and Officers from the Willingboro Township Police Department were called to the scene. When the Officers arrived, they removed Plaintiff from the home immediately.

In his complaint, Plaintiff made the following specific assertions:

> [t]he Officers violated my rights to protection under the law by not even questioning the assailant about my allegations. They never asked if I was seriously injured or in need of medical attention. Instead they dismissed my claim, asked me (demanded) I 'pack a bag and leave the house.' [Docket No. 1 at 7-8].

By way of relief, Plaintiff demanded an unspecified award of punitive and compensatory damages.

By Order of this Court on May 5, 2005 [Docket No. 2], Plaintiff's application to proceed in forma pauperis was denied and the Clerk was directed to issue a summons pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. This Court ordered the Plaintiff to serve a summons together with a copy of the Complaint upon each Defendant within 90 days of the entry of that order.

On November 4, 2005, Plaintiff informed the Court via letter that he had been "acquitted of the charge that resulted in my incarceration at the Burlington County jail" and was "required to accept a Voluntary Departure from the United States to the Bahamas, Plaintiff's country of origin." [Docket No. 6].

On February 8, 2006, Plaintiff requested that this Court enter a default judgment against Defendants due to Defendants' lack of response to the alias summons served upon

them.  By Order dated July 20, 2006, this Court denied Plaintiff's motion for default judgment and ordered that Plaintiff properly effectuate service upon the Defendants on or before August 10, 2006.  The Court made clear that if proper service was not effectuated on or before that date, Plaintiff's action would be dismissed <u>sua</u> <u>sponte</u> by the Court pursuant to Federal Rule of Civil Procedure 4(m).

**II. DISCUSSION**

This action will be dismissed because Plaintiff has failed to comply with this Court's Order and has not properly served Defendants in this matter.

A court cannot exercise jurisdiction over a party that has not been properly served.  <u>See</u> <u>Lampe v. Xouth, Inc.</u>, 952 F.2d 697, 700-01 (3d. Cir. 1991) ("[a] court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case").

Federal Rule of Civil Procedure 4(m) states that the court shall dismiss a suit upon "its own initiative" where "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint", unless "the plaintiff shows good cause for the failure" Fed. R. Civ. P. 4(m).  This Court "should determine whether good cause exists for an extension of time." <u>Petrucelli v. Bohringer &</u>

<u>Ratzinger</u>, 46 F.3d 1298, 1305 (3d Cir. 1995).

There is no good cause to give Plaintiff another extension. Plaintiff has been given multiple chances to properly serve Defendants but has repeatedly failed to do so. He filed his complaint in 2004 and has still not properly served the Defendants in this matter; he is clearly beyond the 120 day time limit. Moreover, on May 5, 2005, this Court directed that Plaintiff properly serve Defendants within ninety days; he failed to comply with that Order. On July 20, 2006, this Court gave Plaintiff yet another chance to properly serve Defendants on or before August 10, 2006; again, he has failed to comply with the Order and effectuate proper service.

Because Plaintiff has failed to comply with this Court's Orders and has not properly served Defendants, the above captioned action is dismissed pursuant to Federal Rule of Civil Procedure 4(m).

The accompanying Order shall enter today.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>August 11, 2006</u>